**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION AT PIKEVILLE**
**CASE NO.: 17-cv-_____**

***ELECTRONICALLY FILED***

ROGER WILLIAMSON                                                                                       PLAINTIFF

v.

MARK J. SWOFFORD, D.O.

      Serve:  Mark Swofford, D.O.
                 219 W. Chloe Ridge Drive
                 Pikeville, KY 41501

TRI-STATE UROLOGY, LLC
P.O. Box 2438
255 Church Street, Suite 202
Pikeville, KY 41502

      Serve:  Mark Swofford
                 P.O. Box 2438
                 255 Church Street, Suite 202
                 Pikeville, KY 41502

PIKEVILLE MEDICAL CENTER, INC.
911 Bypass Road
Pikeville, KY 41501

      Serve:  Pamela Todd May
                 East Kentucky Law Group, P.S.C.
                 127 Park Street
                 Pikeville, KY 41501

and

UNKNOWN DEFENDANTS, JOHN DOES 1-5                                                    DEFENDANTS

*** *** ***

## COMPLAINT

COMES NOW the Plaintiff, Roger Williamson, through counsel, and for this cause of action against Defendants, Mark J. Swofford, D.O.; Tri-State Urology, LLC; Pikeville Medical Center, Inc.; and Unknown Defendants, John Does 1-5, states as follows:

## PARTIES, JURISDICTION & VENUE

1. Plaintiff Roger Williamson is currently a Citizen and Resident of the State of Tennessee, residing at 117 Maple Ridge Lane, Seymour, TN, 37865.

2. At all times mentioned herein, Defendant, Mark J. Swofford, D.O. (hereinafter "Swofford"), was and is a physician residing in and licensed to practice under the laws of the Commonwealth of Kentucky and held himself out to the public as a specialist in the practice of urology.

3. At all times mentioned herein, Defendant, Tri-State Urology, LLC (hereinafter "Tri-State"), was and is a Kentucky limited liability company providing urologic and medical services in Pikeville, Pike County, Kentucky, duly licensed under the laws of the Commonwealth of Kentucky, which has designated Mark Swofford, P.O. Box 2438, 255 Church Street, Suite 202, Pikeville, KY 41502, as its agent for service of process. Tri-State Urology, LLC's principal office is located at P.O. Box 2438, 255 Church Street, Suite 202, Pikeville, KY 41502.

4. At all times mentioned herein, Defendant, Pikeville Medical Center, Inc. (hereinafter "PMC"), was and is a Kentucky Corporation providing hospital and medical services in Pikeville, Pike County, Kentucky, duly licensed under the laws of the Commonwealth of Kentucky, which has designated Pamela Todd May, 127 Park Street, Pikeville, KY 41501, as its agent for service of process. Pikeville Medical Center, Inc.'s principal office is located at 911 Bypass Road, Pikeville, KY 41501.

5. At all times mentioned herein, Defendants, Mark J. Swofford, D.O.; Tri-State Urology, LLC; and Pikeville Medical Center, Inc., were located Pikeville, Pike County, Kentucky and provided services to residents of Pikeville, Pike County, Kentucky, including Roger Williamson.

6. At all times mentioned herein, Defendant, Mark J. Swofford, D.O. ,was the agent, servant and/or employee of Defendants, Tri-State Urology, LLC and/or Pikeville Medical Center, Inc., or the ostensible or apparent agent, servant and/or employee of Defendants, Tri-State Urology, LLC and/or Pikeville Medical Center, Inc. As such, Defendants, Tri-State Urology, LLC and Pikeville Medical Center, Inc., are liable for the negligent acts or omissions of Defendant Mark J. Swofford, D.O.

7. Plaintiff, Roger Williamson, is informed and believes that at all times relevant to this Complaint, the Unknown Defendants herein were:

A) one (1) or more sister companies, officers, directors, and/or employees or other individuals or entities for whom "Tri-State" and/or "PMC" are and were vicariously liable; and/or

B) one (1) or more legal entities or individuals with whom the Defendants "Tri-State" and/or "PMC" have contracted with or that may be vicariously liable, under one or more legal theories, including but not limited to respondeat superior, for the actions of Mark J. Swofford, D.O., "Tri-State", "PMC", or one or more of the other "Unknown Defendants"; and/or

C) one (1) or more licensed or unlicensed individuals and/or entities, and employees of "Tri-State" and/or "PMC" rendering care and services to Roger Williamson and whose conduct caused the injuries and damages alleged herein. As set forth below, it is alleged that at all times relevant hereto, the Defendants, "Tri-State" and/or "PMC" were aware of the unfitness of these individuals or entities to perform their necessary job duties and yet employed these persons and/or entities in disregard for the health and safety of Roger Williamson.

The above referenced Unknown Defendants are individuals and/or entities whose name and/or places of residence are unknown to the Plaintiff. Said Unknown Defendants are hereafter

referred to as the "Unknown Defendants". Plaintiff will seek leave of Court to amend this Complaint to identify the "Unknown Defendants" when their identities are ascertained.

8. The acts of negligence hereinafter alleged against the Defendants were performed during the course and scope of their healthcare provider-patient relationship with Plaintiff, Roger Williamson, in Pikeville, Pike County, Kentucky.

9. Pursuant to 28 U.S.C. § 1332, jurisdiction is proper in this Court as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Pursuant to 28 U.S.C. § 1391, venue is appropriate in this Court as a the defendants reside in this judicial district and a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## COUNT I: MEDICAL NEGLIGENCE

10. Plaintiff adopts and incorporates all of the allegations contained in Paragraphs 1-9 as if fully set forth herein.

11. Beginning on or around July 31, 2007, and continuing thereafter, Defendant, Mark J. Swofford, D.O., provided medical care and treatment to Plaintiff, Roger Williamson, at Defendants, "Tri-State" and "PMC".

12. Beginning on or around July 31, 2007, and continuing thereafter, the Defendant, Mark J. Swofford, D.O., during the course of his physician/patient relationship with the Plaintiff, Roger Williamson, deviated from the accepted standard of care in the performance of his medical responsibilities to the Plaintiff, Roger Williamson, such deviations constituting medical negligence and serving as a substantial factor in causing Plaintiff, Roger Williamson's, injuries. More specifically, beginning on or around May 30, 2008 and continuing until at least 2015, Dr. Swofford performed at least five (5) penile surgeries and revisions on Mr. Williamson's person. These

surgeries included, but were not limited to the following: excision of penile lesion on or about May 30, 2008; partial penectomy on or about June 23, 2008; meatotomy on or about January 6, 2010; meatotomy on or about November 12, 2010; and meatotomy on July 22, 2015. These surgeries and subsequent revisions, whether singularly or in combination, were performed negligently by Defendant Swofford resulting in penile stricture, unnecessary loss of penile tissue, severe pain and suffering and the other injuries detailed in this Complaint.

13. On or about July 31, 2007, and continuing thereafter, the Defendants, "Tri-State" and "PMC", by and through their agents, servants and employees, and/or ostensible or apparent agents, servants and/or employees, including but not limited to, Mark Swofford, D.O, deviated from the accepted standard of care with regard to the medical responsibilities owed to Plaintiff, Roger Williamson, such deviations constituting medical negligence and serving as a substantial factor in causing Plaintiff, Roger Williamson's, injuries.

14. That it was not until on or about August 9, 2016, Plaintiff, Roger Williamson, discovered the negligence of the Defendants after leaving Defendants' care and undergoing further medical evaluation and surgical treatment provided by unrelated medical providers.

15. The Plaintiff further states that the negligence and carelessness of the Defendants, and each of them as set forth above, was a substantial factor in causing personal injury to Roger Williamson and that due to the wrongful conduct of the Defendants, Plaintiff, Roger Williamson, suffered accelerated deterioration of his health and physical condition beyond that caused by the normal aging process, including, but not limited to, the following:

    A)    Surgical errors resulting in removal of unnecessary penile tissue and unnecessary pain;

    B)    Emotional distress; and

    C)    The need for further surgical intervention due to the negligence of the Defendants.

16. Plaintiff, Roger Williamson, also suffered unnecessary loss of personal dignity, extreme pain and suffering, degradation, mental anguish, disability, and disfigurement, all of which were caused by the wrongful conduct of the Defendants as alleged herein. As a direct and proximate result of the wrongful conduct and injuries suffered by Plaintiff, Roger Williamson, Plaintiff asserts, against all Defendants, a claim for judgment for all compensatory and punitive damages including, but not limited to, medical expenses, and other related costs, extreme pain and suffering, mental anguish, degradation, and unnecessary loss of personal dignity, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees, plus costs and all other relief to which Plaintiff is entitled by law.

17. Plaintiff further states that the negligence and carelessness by Defendants, and each of them, as set forth above, was a substantial factor in causing the following damages to the Plaintiff:

A) To incur and expend sums of money for medical expenses and hospital expenses, to be responsible for said expenses, all in a sum to be determined by a jury sitting in a trial of these proceedings, but in a sum sufficient to confer jurisdiction on this Court;

B) To experience both in the past and in the future, mental and physical pain and suffering and mental anguish, both in the past and in the future including but not limited to the anticipation and fear of imminent injury, death and scarring and disfigurement, all to his damage, all in a sum to be determined by a jury sitting in the trial of these proceedings, but in a sum sufficient to confer jurisdiction on this Court.

C) The right of Roger Williamson to the pursuit of happiness and the enjoyment of life has been permanently reduced, all to the damage of Roger Williamson in a sum to be determined by a jury sitting in the trial of these proceedings, but in a sum sufficient to confer jurisdictional on this Court.

All of this occurred as a result of the negligence and carelessness of the Defendants as heretofore plead.

18.	Further, the Plaintiff does hereby state that the actions of each of the Defendants arose to such a level of negligence so as to constitute gross negligence and/or reckless disregard for human life, and as such entitles the Plaintiff to an award of punitive damages in a sum to be determined by a jury sitting in a trial of these proceedings, but, in a sum in excess of the jurisdictional limits of this Court.

### COUNT II: NEGLIGENT HIRING AND SUPERVISION

19.	Plaintiff hereby incorporates the allegations asserted in paragraphs 1 through 18 above as though set forth below.

20.	Plaintiff states that Defendant, Pikeville Medical Center, Inc., negligently hired, supervised and/or retained employees including, but not limited to, Mark J. Swofford, D.O. and others whose names are presently not known to Plaintiff but will be sought via discovery.

21.	That in fact these employees, including Mark J. Swofford, D.O., and others whose names are presently not known to Plaintiff but will be sought via discovery, were unfit to perform their job duties and the Defendants, Pikeville Medical Center, Inc., knew, or should have known, that that they were unfit and that this unfitness created a risk to patients of Pikeville Medical Center such as Plaintiff, Roger Williamson.

22.	This knowledge on the part of the Defendant, Pikeville Medical Center, Inc., was, or should have been, acquired by the Defendant through various mechanisms including the pre-employment interview process, reference checks, probationary period job performance evaluations, other periodic job performance evaluations and/or disciplinary processes.

23.	The Defendant, Pikeville Medical Center, Inc., failed to properly and completely conduct a comprehensive pre-employment interview process and reference checks as to these employees, including Mark J. Swofford, D.O., and others whose names are presently not known to

Plaintiff but will be sought via discovery. Had the Defendants done so, they would have discerned that these persons were unfit to perform their job duties in a hospital or other healthcare setting in the Commonwealth of Kentucky.

24. The Defendant, Pikeville Medical Center, Inc., failed to properly and completely conduct, and thereafter ignored the content of, probationary period job performance evaluations, other periodic job performance evaluations and/or disciplinary processes as to these employees, including Mark J. Swofford, D.O., and others whose names are presently not known to Plaintiff but will be sought via discovery, and had the Defendants done so they would have discerned that these persons were unfit to perform their job duties in a hospital or other healthcare setting in the Commonwealth of Kentucky.

25. That as the result of the unfitness of the these employees, including Mark J. Swofford, D.O., and others whose names are presently not known to Plaintiff but will be sought via discovery, Plaintiff, Roger Williamson, was injured in an amount and manner to be proven at time of trial.

26. That the Defendant, Pikeville Medical Center, Inc.'s, negligence in hiring, supervising and/or retaining these employees, including Mark J. Swofford, D.O., and others whose names are presently not known to Plaintiff but will be sought via discovery, caused Plaintiff, Roger Williamson, injury in an amount and manner to be proven at time of trial.

### **REQUEST FOR RELIEF**

Wherefore, the Plaintiff, Roger Williamson, prays for Judgment against the Defendants, Mark J. Swofford, D.O.; Tri-State Urology, LLC; Pikeville Medical Center, Inc.; and the "Unknown Defendants," in an amount to be determined from the evidence, the costs herein expended, and all other relief to which Plaintiff is entitled, including TRIAL BY JURY.

*Respectfully Submitted*,

                **GARCIA ARTIGLIERE MEDBY & FAULKNER**

/s/ M. Brandon Faulkner
Stephen M. Garcia
M. Brandon Faulkner
Perry L. Greer, III
444 East Main Street, Suite 108
Lexington, Kentucky 40507
Telephone:(502) 584-3805
Facsimile: (502) 584-3811
    ***Attorneys for Plaintiff***